Filed 2/28/14  P. v. Rodriguez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO RODRIGUEZ,<br><br>    Defendant and Appellant. | B249959<br><br>(Los Angeles County<br>Super. Ct. No. BA407714) |

THE COURT:[*]

Appellant Roberto Rodriguez (Rodriguez) appeals from the judgment of conviction following a plea of no contest.

Rodriguez was seen by a security officer at a CVS store taking items without paying for them.  When the officer confronted Rodriguez, a struggle ensued.  During the struggle, Rodriguez poked the officer with a screwdriver.

Later, Rodriguez was charged with robbery (Pen. Code, § 211), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), and petty theft (Pen. Code, §§ 484, subd. (a), 666.)  A deadly weapon (screwdriver) use allegation was alleged as to all three counts (Pen. Code, § 12022, subd. (b)(1)).  A 1999 prior conviction for robbery was alleged as a prior "strike" and a prior-five-year serious felony conviction enhancement

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

(Pen. Code, §§ 667, 1170.12).  This, and three other prior convictions, were alleged as one-year prior prison term enhancements (Pen. Code, § 667.5, subd. (c)).

Following the denial of *Marsden*[1] and *Faretta*[2] motions, Rodriguez waived his trial rights, pled no contest to the robbery charge, and admitted the prior strike and serious felony conviction allegations.  He was immediately sentenced to a nine-year term in prison, which represented the two-year lower term, doubled to four years because of the strike, plus the five-year enhancement for the same prior conviction.  Presentence credits were awarded and mandatory fines were imposed.

Rodriguez filed a notice of appeal.

Counsel was appointed to represent Rodriguez in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised.  On November 1, 2013, we advised Rodriguez that he had 30 days within which to personally submit any contentions or issues for us to consider.  No response has been received to date.

We have examined the entire record and are satisfied that Rodriguez's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).)  We see no indication of any sentencing errors.  Accordingly, we conclude that Rodriguez has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

[2]     *Faretta v. California* (1975) 422 U.S. 806.